IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MEDIA MASTERS INC.**, an Oregon corporation, dba Nationwide Home Business Center, | CV 04-403-BR<br><br>OPINION AND ORDER |
| Plaintiff, | |
| v. | |
| **VERISIGN, INC.**, a Delaware corporation; **NETWORK SOLUTIONS, INC.** a Delaware corporation; and **PIVOTAL PRIVATE EQUITY**, an Arizona corporation, | |
| Defendants. | |

**DENNIS H. ELLIOTT**
Elliott & Park
0324 S.W. Abernethy Street
Portland, OR  97239
(503) 227-1690

**SUSAN D. PITCHFORD**
**KEVIN L. RUSSELL**
Chernoff, Vilhauer, McClung & Stenzel, LLP
601 S.W. Second Avenue, Suite 1600
Portland, OR  97204
(503) 227-5631

      Attorneys for Plaintiff

1 - OPINION AND ORDER

**CRAIG BACHMAN**
**BONNIE RICHARDSON-KOTT**
Lane Powell PC
601 S.W. Second Avenue, Suite 2100
Portland, OR  97204
(503) 778-2100

**SUZANNE V. WILSON**
**TRICIA A. CROSS**
Arnold & Porter LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
(213) 243-4000

     Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (#38).

For the reasons that follow, the Court **GRANTS in part** Defendants' Motion and **DISMISSES** this action as to Defendant Pivotal Private Equity.  The Court **DENIES** the Motion as to Defendants VeriSign, Inc., and Network Solutions, Inc. (NSI).

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Media Masters Inc. is in the business of selling CD-Rom software, seminars on video and DVD, mailing lists, web hosting, books, reports, manuals, and internet domain names. Plaintiff's claims against Defendants arise from Plaintiff's registration of internet domain names.  In 1999 and 2000, Nelson, Inc., registered approximately 900 domain names with

2 - OPINION AND ORDER

Registrars.com.  In January 2002, Plaintiff acquired Nelson, Inc.

Plaintiff alleges NSI was a wholly-owned subsidiary of VeriSign until approximately December 1, 2003, at which time VeriSign sold 85% of its interest in NSI to Defendant Pivotal Private Equity.

In the later half of 2001, Defendant VeriSign, Inc., acquired Registrars.com and took custody and control of Registrars.com's property, including its computer systems and the domain names that resided on those systems.  In November 2001, VeriSign sent Plaintiff an email notice of its acquisition of Registrars.com and informed Plaintiff that all of Plaintiff's domain names registered with Registrars.com automatically would be migrated onto VeriSign's system.  In approximately June 2002,[1] however, Plaintiff became aware that a substantial number of its domain names had not been migrated successfully and instead had been released to the public.  Plaintiff was able to recover some but not all of these domain names.

On January 18, 2002, Plaintiff entered into a contract with VeriSign.  The contract apparently governed Plaintiff's

---

[1] Defendant argues Plaintiff's allegation that it discovered the loss of its domain names in June 2002 is incompatible with Plaintiff's allegation in its original Complaint that it discovered the loss in June 2003.  Viewing the original Complaint in its entirety, however, it is apparent the 2003 date is an error.  Plaintiff attached numerous documents to its original Complaint, including a letter dated July 2002 in which it complained to VeriSign about the lost names.

registration of new domain names. Plaintiff alleges the lost domain names that are the subject of this action are not governed by the contract.

Plaintiff asserts two common law claims against Defendants. The First Claim is for conversion of the domain names that were not migrated to the VeriSign system and that Plaintiff was unable to recover and the Second Claim is for negligence.

Federal jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

## STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). When reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very

remote and unlikely but that is not the test." *McGary*, 386 F.3d at 1261 (internal quotation and citation omitted).

If a court dismisses a claim pursuant to Rule 12(b)(6), the court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## **DISCUSSION**

### I. Conversion

Plaintiff alleges Defendants converted Plaintiff's domain names. To state a claim for conversion under Oregon law, Plaintiff must allege actions that constitute "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Mustola v. Toddy*, 253 Or. 658, 663 (1969)(quoting *Restatement (Second) Torts* § 222a at 431 (1965)). Generally an action for conversion will not lie when property has been taken lawfully. *Outdoor Media Dimensions Inc. v. State of Oregon*, 150 Or. App. 106, 111 (1997).

Plaintiff does not allege any facts from which the Court can

infer that VeriSign unlawfully took possession of Plaintiff's property in the first instance.  Indeed, Plaintiff alleges VeriSign exercised custody and control of Plaintiff's domain names pursuant to VeriSign's lawful acquisition of Registrars.com.  Because VeriSign apparently exercised control over the domain names in order to transfer them to its system for access by Plaintiff, VeriSign did not interfere with Plaintiff's right to control the names.  It was only VeriSign's alleged loss of the names after its its initial lawful exercise of control over them that resulted in interference with Plaintiff's rights.

    The Court has been unable to find any clear precedent in Oregon law as to whether the tort of conversion lies against a defendant who lawfully possessed and then lost a plaintiff's chattel.  In *Williams v. Harvester*, the Oregon Supreme Court stated:  "Nonfeasance or neglect of a legal duty, or mere failure to perform an act made obligatory by contract or by which property is lost to the owner, is not sufficient to support an action of trover."  172 Or. 270, 278 (1943).  Although *Williams* was overruled on other grounds in *Rogue Valley Mem'l Hosp. v. Salem Ins. Agency*, 265 Or. 603 (1973), the Court is unable to find any other application of the quoted principle in Oregon decisions.  On the other hand, "[w]hen a defendant acquires possession of a chattel lawfully, as in this case, a conversion may result upon the refusal to redeliver the chattel on demand by

the owner." *Leibrecht v. Hawkins*, 83 Or. App. 396 (1987)(citing *Jeffries v. Pankow*, 112 Or. 439 (1924)). In the absence of clear Oregon authority, the Court cannot say at this stage of the proceedings that it is "beyond doubt" Plaintiff cannot prevail on its conversion claim.

The Court, therefore, denies Defendants' Motion to Dismiss Plaintiff's First Claim.

## II. Negligence

### A. Negligence Allegations

Plaintiff alleges Defendants were negligent in their handling of Plaintiff's domain names. Plaintiff argues VeriSign took possession of Plaintiff's domain names and, therefore, VeriSign owed a duty to ensure that Plaintiff's property was secure. Plaintiff maintains the source of VeriSign's duty to protect Plaintiff's domain names arises from VeriSign's status as a gratuitous bailee.

> A commonly accepted definition of bailment is a delivery of something of a personal nature by one party (bailor) to another (bailee), to be held according to the purpose or object of the delivery, and to be returned or delivered over when that purpose is accomplished.

*Gage v. All Nations Ins. Co.*, 314 Or. 700, 705 (1992). "[T]he standard of care required of a gratuitous bailee is such reasonable care as the particular circumstances of the bailment demand." *Koennecke v. Waxwing Cedar Prod., Ltd.*, 273 Or. 639, 648 (1975).

7 - OPINION AND ORDER

Plaintiff alleges VeriSign took possession of Plaintiff's domain names, and, while VeriSign had custody and control, Plaintiff's right to use the domain names was lost due to VeriSign's negligence.

Based on these allegations, Plaintiff is entitled to offer evidence to support its negligence claim. Accordingly, the Court concludes Plaintiff has adequately pled a claim for negligence based on a gratuitous bailment.

**B.  Statute of Limitations**

Defendant, nonetheless, argues Plaintiff's negligence claim is barred because it was not filed within the applicable statute of limitations.  Under Oregon law, an action for negligence must be commenced within two years.  Or. Rev. Stat. § 12.110(1). Under the discovery rule, a claim does not accrue and the time does not begin to run until the plaintiff discovers or reasonably should have discovered (1) the injury, (2) the cause of the injury, and (3) the identity of the tortfeasor.  *Flug v. Univ. of Or.*, 170 Or. App. 660, 672 (2000).  "[T]he statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care should have known facts which would make a reasonable person aware of a substantial possibility that each of the three elements (harm, causation, and tortious conduct) exists."  *Gaston v. Parsons*, 318 Or. 247, 255-56 (1994) (citation omitted).

Plaintiff alleges VeriSign acquired Registrars.com "in the later half of 2001." Plaintiff also alleges it became aware in June 2002 that some of its domain names had not been migrated to the VeriSign system. Plaintiff filed this action on March 14, 2002. Based on these allegations, the Court cannot conclude Plaintiff's negligence claim is time-barred.

In addition, Defendants argue any claim based on conduct that occurred before the execution of the January 18, 2002, contract is time-barred and any conduct that occurred after the execution of the contract is governed by the terms of the contract and cannot be the subject of a negligence action. The Court disagrees.

Plaintiff alleges the lost domain names were registered long before the January 18, 2002, contract was executed and, therefore, the domain names are not subject to that contract. In addition, Plaintiff has adequately pled a claim for negligence based on a theory of gratuitous bailment apart from any contractual relation between the parties. The Court, therefore, finds the existence of the contract does not prevent Plaintiff from adequately stating a timely negligence claim.

### III.  Pivotal Private Equity

Defendant Pivotal Private Equity moves to dismiss all of Plaintiff's claims against it because Plaintiff has failed to allege any facts giving rise to any claim against Pivotal.

Plaintiff does not oppose Pivotal's Motion, and, therefore, the Court dismisses all of Plaintiff's claims against this Defendant.

## CONCLUSION

For these reasons, the Court **GRANTS in part** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (#38) and **DISMISSES** this action as to Defendant Pivotal Private Equity. The Court **DENIES** Defendants' Motion as to Defendants VeriSign, Inc., and Network Solutions, Inc.

IT IS SO ORDERED.

DATED this 19th day of May, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge